IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | | |
|---|---|---|
| EQUAL  EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO.  4:12cv-47 M |
| v. | ) ) | COMPLAINT |
| AMERICOLD LOGISTICS, LLC, | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

The United States Equal Employment Opportunity Commission (the "EEOC" or the "Commission") brings this action pursuant to Title I of the Americans with Disabilities Act of 1990, as amended and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to make whole Patricia A. Berry ("Berry"), who was adversely affected by such practices.

As alleged with greater particularity in paragraphs 8 through 11 below, Berry suffered from a disability, chronic lumbar back pain with radiculopathy into her legs.  Defendant Americold Logistics, LLC ("Americold") failed to accommodate Berry, held her to different terms and conditions of employment and terminated her employment based upon her disability.

## JURISDICTION

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Kentucky.

## PARTIES

3.      The Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times Americold has been a corporation continuously doing business in the State of Kentucky and the City of Sebree, and has continuously had at least 15 employees.

5.      At all relevant times, Americold has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.      At all relevant times, Americold has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.      More than thirty (30) days prior to the institution of this lawsuit, Berry filed a charge with the Commission alleging that Americold violated Title I of the ADA. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.      Since at least October 20, 2009, Americold engaged in unlawful employment

practices at its facility located in Sebree, Kentucky in violation of Section 102(a)and (b)(5)(A) of Title 1 of the ADA, 42 U.S.C. § 12112(a) and (b)(5)(A).

    a. Berry was qualified for her position, Dispatcher, as well as her previous position, Customer Service Representative, as she had performed the duties of either of these positions since her hire by Americold in 2004.

    b. Since at least October 20, 2009, Americold discriminated against Berry, an individual with a disability in violation of the ADA. Berry has chronic lumbar back pain with radiculopathy into her legs and is substantially limited in the major life activities of walking, lifting, standing and sitting.

    c. Since at least October 20, 2009, Americold refused to reasonably accommodate Berry's medical restrictions in violation of Section 102(a) and (b)(5)(A) of Title I of the ADA, 42 U.S.C. § 12112(a) and (b)(5)(A). Americold refused to permit Berry to return to work because she had medical restrictions and refused to engage in the interactive process, thereby failing to explore or provide any reasonable accommodation of her medical restrictions.

    d. Since at least October 20, 2009, Americold discriminated against Berry in the terms and conditions of her employment by requiring her, unlike other employees, during a period of legitimate FMLA leave, to call her supervisor on a daily basis, in violation of Section 102(a) of the ADA, 42 U.S.C. § 12112(a).

    e. On or about January 8, 2010, Americold terminated Berry because of her disability in violation of Section 102(a) of the ADA, 42 U.S.C. § 12112(a).

    9. The effect of the practices complained of above has been to deprive Berry of equal employment opportunities and otherwise to adversely affect her status as an employee

because of her disabilities.

10.     The unlawful employment practices complained of in paragraph 8 above were intentional.

11.     The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to Berry's federally protected rights.

## PRAYER FOR RELIEF

Wherefore the Commission respectfully requests that this Court:

A.     GRANT a permanent injunction enjoining Americold, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of disability;

B.     ORDER Americold to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities, and that eradicate the effects of its past and present unlawful employment practices;

C.     ORDER  Americold to make Berry whole by providing her with appropriate back pay with prejudgment interest, in amounts to be proven at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D.     ORDER Americold to make whole Berry by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in paragraph 8 above, including, but not limited to, medical expenses that, but for the unlawful employment practices, would have been paid by Americold employee benefit plan, in amounts to be determined at trial;

E.     ORDER Americold to make Berry whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in

4

paragraph 8 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

     F.     ORDER Americold to pay Berry punitive damages for its malicious and reckless conduct as described in paragraph 8 above, in amounts to be determined at trial;

     G.     GRANT such further relief as the court deems necessary and proper in the public interest; and

     H.     AWARD the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised in its Complaint.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

s/ Laurie A. Young
LAURIE A. YOUNG
Regional Attorney

s/ Michelle Eisele
MICHELLE EISELE
Supervisory Trial Attorney
Indianapolis District Office
101 W. Ohio St., Suite 1900
Indianapolis, IN 46204-4203

s/ Aimee L. McFerren
AIMEE L. MCFERREN
Senior Trial Attorney
Kentucky Bar No.: 89912
Federal I.D. No.: 36953
Louisville Area Office 600 Martin Luther King, Jr.
Place Suite 268
Louisville, Kentucky 40202-2285
(502) 582.6308 (Direct Dial)
(502) 582.5435 (Facsimile)
E-mail: aimee.mcferren@eeoc.gov