IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) Case No. 4:12-cv-47-JHM-HBB |
| v. | ) ) |
| AMERICOLD LOGISTICS, LLC, | ) ) |
| Defendant. | ) ) |

## CONSENT DECREE

The Equal Employment Opportunity Commission ("EEOC") filed this action against Defendant, Americold Logistics, LLC ("Americold"), on April 10, 2012, alleging a violation of the Americans with Disabilities Act of 1990, as amended, and Title I of the Civil Rights Act of 1991. The EEOC's Complaint alleges that Americold discriminated against Charging Party Patricia Berry ("Charging Party" or "Berry") by failing to accommodate Ms. Berry, holding her to different terms and conditions of employment and terminating her based upon her disability. The EEOC brought this action to correct Americold's alleged unlawful employment practices. Americold denies these allegations. The parties have advised the Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

The EEOC and Americold hereby stipulate to the jurisdiction of the Court over the parties and the subject matter of this action.

It is therefore the finding of this Court, based on the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of the Americans with Disabilities Act will be promoted and effectuated by the entry

of this Consent Decree; and (3) this Consent Decree resolves all the matters in controversy between the parties as provided in paragraphs 1 through 19 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. This Consent Decree ("Decree") is entered in full and complete settlement of any and all claims arising out of or asserted in Civil Action No. 4:12-cv-47.

2. Americold and its officers, managers and employees shall not engage in unlawful employment practices based on disability.

3. Americold and its officers, managers and employees shall not discriminate or retaliate against any person: (i) because of opposition to any practice based on disability and made unlawful under the Act; (ii) because such person files a Charge of Discrimination alleging an unlawful employment action based on disability; or (iii) because such person participates in any manner in any investigation, proceeding, or hearing under the Act.

4. Americold shall maintain a written policy that addresses how reasonable accommodations will be provided during the course of employment, which shall include the following minimum provisions:

a. A provision requiring that Americold engages with employees who have a covered disability in an interactive process to make individualized determinations about accommodations;

b. A provision ensuring that employees who have a covered disability are not told that they may not return to work unless they are released to work without any medical restrictions except where such restriction interferes with an employee's ability to perform the essential functions of the employee's position and cannot be reasonably accommodated;

    c.   A provision that informs employees with a covered disability who they should contact to request a reasonable accommodation, including contact information for each such person.

    5.   Annually, for two (2) years from the entry of this Decree, Americold shall provide a program on employment discrimination, including the Americans with Disabilities Act, as amended, to all management/supervisory level employees and Human Resources personnel in the Southwest Region, which is where Ms. Berry was employed. The states in the Southwest Region are Arkansas, Kansas, Kentucky, Louisiana, Missouri, Oklahoma, and Texas. The initial training shall be completed within nine (9) months from the date the Consent Decree is entered. Such training may be provided electronically or through a webinar format provided attendees have the opportunity to ask questions. Americold shall submit to the EEOC each year, at least thirty (30) days in advance of the program, the name of the program provider and a curriculum outline indicating the information to be addressed during the program and copies of all agendas and materials to be distributed at the training seminar. The program must include reference to Americold's reasonable accommodation policy noted in paragraph no. 4, above. The person(s) who shall administer the training will be experienced in and knowledgeable about EEO matters including the ADA.

    6.   Within five (5) business days after the Court's entry of this Decree, Americold shall post in conspicuous areas readily accessible to all employees (such as the employees' lounge or break room) the Notice attached as Exhibit A.

    7.   The EEOC shall have the right to make requests for information from Americold which demonstrates compliance with the Decree over the duration of the Decree. Americold shall comply with a request for such information within thirty (30) days of the request.

    8.   Americold shall not reference any of the following to any potential employer of

Ms. Berry: her Charge of Discrimination, the EEOC's lawsuit, or this Consent Decree entered in the EEOC's lawsuit.

9. Americold shall pay to Ms. Berry a total of $46,000.00. Of this amount, $16,000.00 represents back pay damages from which withholdings for taxes will be made. Americold will treat the withholdings from back pay as it would for any usual pay check. An additional amount of $30,000.00 represents compensatory damages from which no tax withholdings will be made and an IRS-Form 1099 will be issued.

10. The payments shall be made by checks payable to Ms. Berry.

11. No more than ten (10) days from the entry of this Decree, the EEOC will forward a Release and Waiver to Ms. Berry for her execution, attached as Exhibit B. The EEOC will notify counsel for Americold upon receipt of the release executed by Ms. Berry. Then, within five (5) business days of the EEOC's notification that it has received the release signed by Ms. Berry, Americold shall mail the settlement checks to Ms. Berry by certified mail to the address to be provided by the EEOC.

12. Americold shall mail a copy of the checks and proof of delivery to Ms. Berry (a signed certified mail receipt) to the EEOC in care of the EEOC's Regional Attorney for the Indianapolis District, Equal Employment Opportunity Commission, 101 W. Ohio Street, Suite 1900, Indianapolis, Indiana 46204. A copy shall also be mailed to EEOC counsel Aimee L. McFerren, 600 Dr. Martin Luther King, Jr. Place, Suite 268, Louisville, Kentucky 40202. The EEOC shall forward Ms. Berry's executed release to counsel for Americold upon receipt of proof of delivery of the settlement checks to Ms. Berry.

13. During the term of this Decree, Americold shall provide the EEOC with annual reports on or before each anniversary date of the entry of this Decree. The annual report shall

include the following information:

    a. Training: If not previously provided in accordance with Section 5 above, the date of training(s) during the preceding year, a copy of the agenda of the training session, the identity of the person or persons leading the training, and a certification that all required employees attended the training.

    b. Notice: that the Notice was and has remained posted as required by this Decree.

    c. Requests for accommodation in the Southwest Region:

        i. The identity of each individual who requested accommodation during the preceding year, including the individual's name, last known telephone number and address, job title, and, if no longer an employee, the individual's social security number;

        ii. A detailed description of each such individual's request;

        iii. A detailed description of the action taken by Americold in response to each such request; and

        iv. If Americold denies any such request, a detailed description of the reasons for the denial.

14. This Decree shall remain in effect for two (2) years from the date of signing.

15. This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate same.

16. The EEOC may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action. Should the Court determine that Americold has not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

17. In the event that either party believes that the other party has failed to comply with any provisions of the Decree, the complaining party shall notify the alleged non-complying party in writing of such non-compliance and afford the alleged non-complying party fourteen (14) days to remedy the non-compliance or satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within fourteen (14) days, the complaining party may apply to the Court for appropriate relief.

18. This Consent Decree shall be binding on Americold's Sebree, Kentucky facility and all of its successors-in-interest and Americold will notify all such successors-in-interest of the existence and terms of this Consent Decree.

19. Each party to this action shall bear its own costs and attorney's fees.

*[Signature]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

June 14, 2013

Copies to:

| | |
|---|---|
| Aimee L. McFerren | Robert W. Capobianco |
| EQUAL EMPLOYMENT | JACKSON LEWIS LLP |
| OPPORTUNITY COMMISSION | 1155 Peachtree Street, N.E. |
| 600 Dr. Martin Luther King, Jr. Pl. | Suite 1000 |
| Suite 268 | Atlanta, Georgia 30309 |
| Louisville, KY 40202 | |
| | |
| Counsel for Plaintiff | Counsel for Defendant |

4816-1334-4276, v. 1



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Indianapolis District Office**

101 West Ohio Street, Suite 1900
Indianapolis, IN  46204-4203
Indianapolis Status Line:  (866) 408-8075
Indianapolis Direct Dial:  (317) 226-5669
TTY (317) 226-5162
FAX (317) 226-7953 & 5571

# EXHIBIT A

## NOTICE TO THE EMPLOYEES OF AMERICOLD LOGISTICS, LLC

**THIS NOTICE IS POSTED PURSUANT TO A CONSENT DECREE ENTERED INTO BETWEEN THE EEOC AND AMERICOLD LOGISTICS, LLC REGARDING DISABILITY DISCRIMINATION IN THE WORK PLACE PURSUANT TO THE AMERICANS WITH DISABILITIES ACT**

**Unlawful Disability Discrimination:** Under federal law, it is unlawful for an employer to discriminate against any employee or applicant for employment based on, among other things, disability. In other words, an employer may not make any decision regarding job application procedures, hiring, promotion, discharge, pay, job training, and other terms, conditions, and privileges of employment based on disability, nor may an employer harass an employee because of disability or tolerate workplace harassment based on disability.

**Reasonable Accommodation for Disabilities:** Under federal law, an employer is required to provide reasonable accommodation for people with disabilities if some accommodation can be provided which will enable the person to perform essential job functions and such accommodation can be provided without causing undue hardship to the employer. When an employee requests reasonable accommodation for disability, the employer is required to engage with the employee in an interactive process to determine what, if any, accommodation is appropriate under the unique circumstances of the requesting employee.  Failure to provide reasonable accommodation is a form of unlawful disability discrimination. If you have a disability which causes you to take an approved leave,  you can return to your job without a full release, so long as there is a reasonable accommodation that can be made to your job so that you can perform the essential functions of that position.  Any employee who feels they have experienced disability discrimination is advised to report this action promptly to _____.

SIGNED this _____ day of _____, 2013.

_____
(Signing Official's Name and Title)

This OFFICIAL NOTICE shall remain posted for two (2) years from date of signing.

## EXHIBIT B

## RELEASE AND WAIVER

In consideration of the payment to me of $46,000 by Americold Logistics, LLC ("Americold") and in consideration of the Consent Decree agreed to by the Equal Employment Opportunity Commission ("EEOC") and Americold in Civil Action No. 4:12-cv-47 entered by the Court on _____, 2013, of which this Release and Waiver is a part, I waive my right to recover for any federal or state claims of disability discrimination arising under the Americans with Disabilities Act and/or under a state anti-discrimination law that were asserted or could have been asserted against Americold at the time or prior to the date of this Release and Waiver, and which were subject to the Consent Decree entered in Civil Action No. 4:12-cv-47.

I agree that I will be solely and individually responsible for paying any and all taxes (including FICA or otherwise) which may be due and owing, if any, as a result of Americold's payment of the sum set forth above. I acknowledge that I have not relied on any representations made by Americold or the EEOC relating in any way to the tax treatment of the payments pursuant to this Release and Waiver.

I have read this Release and Waiver and I execute it voluntarily, without coercion or threat of reprisal.

Date: _____    Signature: _____

4851-7391-5156, v. 1